# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


GEORGE FREEMAN JONES,      )
                                       )
            Petitioner,       )
                                       )
      v.                   )          1:10CV964
                                       )
ALVIN W. KELLER, JR.,       )
                                       )
            Respondent.    )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 6, 2007, in the Superior Court of Cabarrus County, Petitioner was convicted after a jury trial of possession with intent to sell and deliver cocaine and resisting a public officer. He then pled guilty to having obtained habitual felon status before being sentenced to 80 to 105 months of imprisonment. (Docket No. 6, Ex. 1 at 10-21.) Petitioner did not immediately appeal, but was granted a belated appeal. Eventually, the judgment against him was upheld. *State v. Jones*, No. COA09-252, 2009 WL 2929277 (N.C. App. Sept. 15, 2009), *rev. denied*, 363 N.C. 747, 689 S.E.2d 141 (Dec. 10, 2009). Petitioner later pursued an unsuccessful motion for appropriate relief before filing his habeas petition in this Court. (Docket No. 6, Ex. 7.) Respondent has answered the petition and filed a motion for summary judgment (Docket No. 5), which Petitioner opposes (Docket No. 10). Respondent's motion is now before the Court for a decision.

## Facts

The facts of the case, as reflected by the evidence at trial and set out by the North Carolina Court of Appeals, are as follows:

> On 13 January 2007, Officer Allen Tomlin of the Kannapolis Police Department was on patrol when two vehicles traveled past him on China Grove Road. One of the vehicles stopped in the roadway and the driver, Desiree Smith (Smith), waved her arms in Officer Tomlin's direction. Officer Tomlin rolled down his window and pulled up beside Smith, who stated that the driver of the other vehicle "had stolen her child." Officer Tomlin activated his blue lights, called for back up and sped after the vehicle, which stopped on a bridge near Lake Fisher. Officer Tomlin pulled up behind the vehicle, and Smith parked behind Officer Tomlin's patrol car. When he approached the driver's side of the vehicle, Officer Tomlin observed Defendant in the driver's seat and a child crying in the back seat.

> Officer Tomlin asked for Defendant's identification, which he provided. Officer Tomlin then asked Defendant to step out of the vehicle. When Defendant stepped out of the vehicle, his right hand was inside his coat pocket. Officer Tomlin asked Defendant to remove his right hand from his coat pocket, but Defendant refused. Officer Tomlin grabbed Defendant's right hand, attempting to forcibly remove it from Defendant's coat pocket. Defendant struggled with Officer Tomlin, refusing to remove his hand from his pocket. During the struggle, Officer Tomlin felt a cylindrical plastic object in Defendant's hand.

> Meanwhile, Smith exited her car and approached Defendant's vehicle. She told Officer Tomlin to "let [Defendant] go." Officer Tomlin advised Smith to stay back and she remained by the rear passenger's side door of Defendant's vehicle.

> As Officer Tomlin pulled Defendant's hand out of his pocket, Defendant released the object in his hand. Officer Tomlin observed a brown pill bottle fall onto the driver's seat of Defendant's vehicle. After Defendant "made some type of statement[,]" Smith walked up to the open passenger side window, reached into the vehicle, and picked up the pill bottle. Officer Tomlin instructed Smith not to touch the pill bottle. Instead, Smith turned away from

Defendant's vehicle and threw the pill bottle toward the water. Officer Tomlin observed the pill bottle hit a tree limb and fall to the ground short of the water.

Shortly thereafter, Officer Patrick Jones arrived and assisted Officer Tomlin in handcuffing Defendant and arresting Smith for resisting, obstructing, and delaying. Officer Tomlin retrieved the pill bottle from where he watched it land. When Officer Tomlin opened the pill bottle, he observed three cut-off baggies tied at the top. Inside each baggy was a small off-white substance. The off-white substance was later identified as crack cocaine, weighing a total of .5 grams. Police also found $500 in Defendant's pants' pocket, consisting of one $50 bill, numerous $20 bills, and one $10 bill.

After Defendant's arrest, Officer Tomlin learned that Defendant and Smith were the child's parents and that they had a custody disagreement earlier that day. Defendant moved to dismiss the charges at the close of the State's evidence and the trial court denied the motion.

Smith testified on Defendant's behalf. Smith testified that she and Defendant had a disagreement; that Defendant put their son into his car and drove off; that she flagged down Officer Tomlin to help her retrieve their son; and that she yelled at Officer Tomlin when she thought Officer Tomlin was using excessive force with Defendant. Smith further testified that she reached into her pocket, pulled out the bottle and threw it across the bridge because she "didn't want [Officer Tomlin] to manhandle me like that." Defendant testified that he never had the pill bottle, never said anything to Smith about the bottle, and never saw Smith with the bottle.

*Jones*, 2009 WL 2929277, at *1-2.

## **Petitioner's Claims**

Petitioner raises four claims for relief in his petition and scatters other allegations throughout his response brief. As for the claims in the petition, he alleges: (1) there was insufficient evidence to sustain his cocaine conviction because he was accused of having twelve rocks of cocaine base, but the evidence showed he only possessed .5 grams; (2)

another person, Desiree Smith, confessed to possessing the cocaine and even the arresting officer stated that she threw the cocaine away; (3) the arresting officer committed perjury by (a) stating "on the memorandum" that Petitioner threw the cocaine, but stating on the stand that Desiree Smith threw the cocaine away and (b) testifying both that Desiree Smith reached into the car window to get the drugs and then later stating that she was never in the car; and (4) Desiree Smith hired an attorney to try to fight Petitioner's cocaine possession charge.

In Petitioner's response brief (Docket No. 10), he states at various points that the arrest warrant in his case was defective, that he received ineffective assistance of counsel, that the arresting officer's statements in the arrest warrant differed from his trial testimony, that the officer did not correctly secure the drugs as evidence, that Petitioner was high on prescription medications when he pled guilty to the habitual felon charge, that the habitual felon indictment was defective on its face, that the district attorney threatened to give Petitioner more prison time if he did not plead guilty to the habitual felon charge, and that the district attorney brought a drug charge against Petitioner after his trial was over.

## Standard of Review

Where a petitioner's claims were adjudicated by the state courts on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to, or involved an unreasonable application of, clearly established federal law as set out by the United States Supreme Court or the state court

decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. *Id.* at 409-11. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, Petitioner raised at least his first three claims for relief in the state courts. Therefore, the standards just set out will apply to those claims. Also, no matter what standard of review is applied, the result is the same as to all of Petitioner's claims.

### Discussion

Petitioner's first claim for relief is that there was insufficient evidence to convict him of the cocaine charge. In a habeas corpus action, the standard for considering a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  A court

reviewing the sufficiency of the evidence "must consider circumstantial as well as direct

evidence, and allow the government the benefit of all reasonable inferences from the facts

proven to those sought to be established."  *United States v. Tresvant*, 677 F.2d 1018, 1021

(4th Cir. 1982).  It has further been held that "circumstantial evidence may support a verdict

of guilty, even though it does not exclude every reasonable hypothesis consistent with

innocence."  *United States v. George*, 568 F.2d 1064, 1069 (4th Cir. 1978).  The standard

is obviously rigorous, however, as the Supreme Court has reiterated, "the writ of habeas

corpus has historically been regarded as an extraordinary remedy."  *Brecht v. Abrahamson*,

507 U.S. 619, 633 (1993).

Here, Petitioner raised his insufficient evidence claim on appeal.  The North Carolina

Court of Appeals, based on the facts set out previously, denied the claim stating:

> The elements of the crime of possession with intent to sell or deliver
> are: (1) possession of a substance; (2) the substance must be a controlled
> substance; and (3) there must be intent to sell or distribute the controlled
> substance. N.C. Gen.Stat. § 90-95(a)(1) (2007); *State v. Fletcher*, 92 N.C.App.
> 50, 55, 373 S.E.2d 681, 685 (1988). "While intent may be shown by direct
> evidence, it is often proven by circumstantial evidence from which it may be
> inferred." *State v. Nettles*, 170 N.C.App. 100, 105, 612 S.E.2d 172, 175-76,
> *disc. review denied*, 359 N.C. 640, 617 S.E.2d 286 (2005). "Based on North
> Carolina case law, the intent to sell or distribute may be inferred from (1) the
> packaging, labeling, and storage of the controlled substance, (2) the
> defendant's activities, (3) the quantity found, and (4) the presence of cash or
> drug paraphernalia." *Id.* at 106, 612 S.E.2d at 176 (citations omitted).

> Here, the State presented evidence that inside Defendant's pill bottle were
> three cut-off baggies tied at the top and that each baggie contained crack

cocaine. Although .5 grams was a small amount, the cocaine was distributed among the three separate, small packages. Furthermore, police found $500 in Defendant's pants' pocket. We conclude the manner in which the cocaine was separately packaged and the amount of cash in Defendant's possession was sufficient evidence to permit a reasonable inference that Defendant intended to sell or distribute the cocaine. *See State v. McNeil*, 165 N.C.App. 777, 782, 600 S.E.2d 31, 35 (2004) (total weight of 5.5 grams crack cocaine, individually wrapped in twenty-two pieces, placed in the corner of a paper bag), *aff'd*, 359 N.C. 800, 617 S.E.2d 271 (2005); *see also State v. Autry*, 101 N.C.App. 245, 399 S.E.2d 357 (1991)(.88 grams of cocaine distributed among four separate, small packages, and $47 in cash found alongside the cocaine on the table).

Jones, 2009 WL 2929277, at *3.

In no way was the Court of Appeals' decision contrary to, or an unreasonable application of, any established United States Supreme Court precedent. As was well-explained by that court, there was more than sufficient evidence for a jury to conclude that Petitioner possessed cocaine with the intent to sell or deliver it. Petitioner's real argument is that the arresting officer lied and that the jury should have believed the defense witnesses instead of the officer. However, credibility issues are for the jury to decide and are not appropriate for reevaluation during a sufficiency of the evidence review. *See United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). Also, Petitioner notes that the amount of cocaine alleged in his arrest warrant was not the same as the amount to which a state witness testified

at trial.[1]  This is irrelevant.  The fact remains that there was testimony that he did have some

amount of cocaine and there was evidence supporting a conclusion that he intended to sell

or deliver it.  His first claim for relief should be denied.

Petitioner's second and third claims fail for similar reasons.  In his second claim, he

states that Desiree Smith admitted possession of the cocaine.  Although this is true, her

admission was also contradicted by other evidence produced at trial.  It was up to the jury to

decide which version of events was true and they apparently decided that her version was not.

This is not a matter that can simply be revisited on habeas review.

Petitioner's third claim is an expanded repetition of his claims that the arresting

officer committed perjury at his trial.  He claims that the officer stated in "the memorandum"

that Petitioner threw the drugs away, but that he testified at trial that Desiree Smith threw

them.  It is not clear what "memorandum" Petitioner is referencing.  However, if it is his

arrest warrant, this is not sufficient.  The warrant itself does state that Petitioner attempted

to throw the drugs away.  However, a synopsis prepared by the officer plainly states that

---

[1]  The warrant and a supporting synopsis by the arresting officer did state that
Petitioner possessed 12 rocks of cocaine base.  (Docket No. 10, Exs.)  However, the
evidence at trial was that the cocaine was in three small packages and weighed a total of .5
grams.  Photos attached to Petitioner's response appear to show only three rocks.  (Docket
No. 6, Exs.)  Petitioner interprets the discrepancy to indicate perjury by the officer at trial,
but it is equally indicative of a mistake in the warrant.  It is not clear what possible motive
the officer would have had to intentionally change the number of pieces of cocaine given
that, based on the cocaine's packaging and the fact that Petitioner possessed about $500.00
in mostly small bills, there was sufficient evidence of cocaine distribution whether there
were three rocks or twelve.

Smith threw the drugs. (Docket No. 6, Exs.) This is actually consistent with his trial testimony. Petitioner also argues that the officer stated at one point at trial that Smith reached in the window of Petitioner's car to get the drugs before throwing them toward the lake, but testified at another point that she was never in the car. Even accepting this allegation at face value, it amounts to nothing. Being in a car and reaching into a car to grab an object are not the same thing. Therefore, the testimony is not inherently inconsistent. Further, to the extent there was any inconsistency, this was a matter for the jury, not this Court to resolve. Petitioner's third claim for relief should be denied.

Petitioner's fourth claim for relief does not appear to be a claim at all, but is instead merely a statement that Smith hired a lawyer to help fight Petitioner's drug charge. In no way would this have violated Petitioner's rights. This claim is merely a statement further bolstering his contention that the drugs were really possessed by Smith. As already discussed, that issue was considered and resolved by the jury against Petitioner. It cannot now be reexamined and the claim should be denied.

Finally, Petitioner's response brief sets out a number of unexplained, unsupported, and/or conclusory claims which do not require lengthy discussion. None of the claims appears to have merit. They are entirely conclusory claims raised in a "shotgun" or "kitchen sink" approach to pleading. The basis for some of the claims is not even discernable. Also, to the extent they are connected to the claims set out in the petition, they would fail for the

reasons already discussed.  They should be denied for that reason and because they are

conclusory.  *Nickerson v. Lee*, 971 F.2d 1125 (4th Cir. 1992).

**IT IS THEREFORE RECOMMENDED** that the State's motion for summary

judgment (Docket No. 5) be granted and that the habeas corpus petition (Docket No. 2) be

denied.


/s/ P. Trevor Sharp
United States Magistrate Judge

Date:  June 29, 2011